# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE AVILA,<br><br>                              Plaintiff,<br><br>   vs.<br><br>NATIONAL CREDITORS CONNECTION, INC.; CITIMORTGAGE, INC.,<br><br>                              Defendants. | CASE NO. 12-CV-664 JLS (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF No. 8) |

Presently before the Court is Defendant CitiMortgage, Inc.'s ("CMI") motion to dismiss Plaintiff Rene Avila's ("Plaintiff") First Amended Complaint. (MTD, ECF No. 8.) Also before the Court are Plaintiff's opposition, (Opp., ECF No. 14), and CMI's reply, (Rep., ECF No. 15). The hearing set for the motion on August 2, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS IN PART** and **DENIES IN PART** CMI's motion to dismiss.

## BACKGROUND[1]

Plaintiff brings this action against Defendants CMI and National Creditors Connection, Inc. ("NCCI," and collectively, "Defendants") alleging violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, ("Rosenthal Act") by both Defendants and violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., ("FDCPA") by Defendant NCCI.

Prior to litigation, Plaintiff allegedly incurred a personal financial obligation to Defendant CMI and then became delinquent on the payments owned under this obligation. Plaintiff alleges CMI subsequently retained NCCI as CMI's legal representative to collect the alleged debt. On or about February 13, 2012, NCCI sent two dunning letters, one from CMI and one from NCCI, to Plaintiff via personal courier. One letter was allegedly entitled "Important Information" and stated that CMI had authorized NCCI to deliver the communication on CMI's behalf.

Plaintiff alleges that these letters failed to provide legally required notices and made false, deceptive, or misleading representations. Specifically, Plaintiff alleges that NCCI violated 15 U.S.C. § 1692g by: (1) adding the word "correct" in its notice; (2) stating that the debt would be assumed to be valid without stating who it would be assumed to be valid by; and (3) instructing Plaintiff to contact CMI to dispute the debt. The notice also allegedly violates 15 U.S.C. § 1692e by: (1) stating that NCCI was "required to provide" the notice; (2) stating that third parties may attempt to obtain additional contact information; and (3) threatening to take action that cannot legally be taken. Plaintiff further alleges that the written notice failed to provide notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700.

On or about February 15, 2012, Plaintiff allegedly received a telephone call from NCCI in a second attempt to collect the alleged debt. Plaintiff alleges that NCCI did not disclose that call as a communication from a debt collector.

Within thirty days of receiving the letters, Plaintiff notified both Defendants in writing that the alleged debt, or some portion of it, was disputed. On February 23, 2012, NCCI responded to

---

[1] The factual background is based on the factual allegations as set forth in Plaintiff's FAC. (*See generally* FAC, ECF No. 7.)

1 Plaintiff's notification with a letter stating that "NCCI is not a debt collector."

2 On March 19, 2012, Plaintiff filed his initial complaint asserting violations of the FDCPA and the Rosenthal Act. (ECF No. 1.) On May 29, 2012, Plaintiff filed the operative First Amended Complaint. (FAC, ECF No. 7.) On June 15, 2012, Defendant CMI filed the instant motion to dismiss Plaintiff's First Amended Complaint. (MTD, ECF No. 8.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial

1 experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not 2 permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but 3 it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be 4 dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear 5 on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) 6 (internal quotations omitted).

7 Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court 8 determines that the allegation of other facts consistent with the challenged pleading could not possibly 9 cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting 10 *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other 11 words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 12 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

14 In its motion to dismiss, Defendant CMI contends that, because CMI was attempting to collect 15 a debt in its own name, CMI is not a "debt collector" as defined by the FDCPA and is therefore 16 exempt from the validation notice requirements. (MTD, ECF No. 8-1 at 4-5.) CMI further contends 17 that NCCI did not violate the FDCPA because: (1) the addition of the word "correct" does not mislead 18 the consumer; (2) language that NCCI was "required" to provide notice is not false or misleading; and 19 (3) language that NCCI was "obtaining additional contact information" is not false or misleading. (*Id.* 20 at 5-7.)

21 **1. DEFENDANT CMI'S EXHIBIT A**

22 As an preliminary matter, the Court **DENIES** Plaintiff's request that the Court strike CMI's 23 February 13, 2012 letter attached as an exhibit to CMI's motion. (Opp., ECF No. 14 at 15.) Plaintiff 24 argues that a district court may not consider any material beyond the pleadings in ruling on a motion 25 to dismiss, and that to do so would convert a motion to dismiss into one for summary judgment. (*Id.*) 26 However, as cited by Defendant CMI, the Ninth Circuit has held that "documents whose contents are 27 alleged in a complaint and whose authenticity no party questions, but which are not physically 28

attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also* 5C Wright & Miller, *Fed. Prac. & Pro.* § 1327, pp. 438-439 (3d ed. 2004) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case."). Further, "[s]uch consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" *Branch*, 14 F.3d at 454.

Here, Plaintiff repeatedly refers to, and quotes, the February 13, 2012 letter from CMI but has failed to attach the letter as an exhibit. Further, Plaintiff does not refute the authenticity of the letter, but only objects to its inclusion. Accordingly, the Court finds that the February 13, 2012 letter is central to the instant case and is properly considered by the Court in ruling on Defendant's motion to dismiss.

**2. ROSENTHAL ACT CLAIMS**

NCCI's alleged communications with Plaintiff form the basis of Plaintiff's complaint. Specifically, Plaintiff alleges that NCCI, acting as the legal representative and agent of CMI, communicated with Plaintiff about a debt owed by Plaintiff to CMI. (FAC, ECF No. 7 at 5.) Plaintiff alleges that these communications violated 15 U.S.C. § 1692g by failing to provide legally required notices, violated 15 U.S.C. §1692e by making false, deceptive, or misleading representations, and violated the Rosenthal Act as it incorporates the FDCPA under Cal. Civ. Code § 1788.17. (FAC, ECF No. 7 at 5-11.) Plaintiff further alleges that CMI is vicariously liable for NCCI's actions under the doctrine of respondeat superior. (FAC, ECF No. 7 at 4.)

*A. CMI as a Debt Collector*

CMI contends that it was attempting to collect a debt in its own name and is therefore not a "debt collector" as defined by the FDCPA. (MTD, ECF No. 8-1 at 4.) CMI further contends that, as a creditor, it is exempt from the validation notice requirements of the FDCPA under the Rosenthal

Act. (MTD, ECF No. 8-1 at 5.)

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the FDCPA, creditors generally are not considered "debt collectors." *Oei v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006).

In contrast, the Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2. This broader definition of "debt collector" can include creditors. *See Offril v. J.C. Penny Co.*, 2009 U.S. Dist. LEXIS 1169 at *7 n.1 (N.D. Cal. Jan. 9, 2009)

Here, although both parties appear to agree that CMI is exempt from the FDCPA as a creditor,[2] neither party adequately addresses whether CMI is a "debt collector" as defined by the Rosenthal Act.[3] However, even if CMI is a "debt collector" under the Rosenthal Act, it would still be exempt from any violations of sections 1692e(11) and 1692g as a creditor under Cal. Civ. Code § 1788.17. ("[S]ubsection (11) of Section 1692e and Section 1692g shall not apply to any persons specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal."). Accordingly, because CMI is statutorily exempt, the Court **GRANTS IN PART** CMI's motion to dismiss Plaintiff's section 1692e(11) and section 1692g claims against CMI.

***B. Vicarious Liability***

Plaintiff alleges that CMI is vicariously liable for NCCI's illegal actions because NCCI was acting as CMI's legal representative for the purpose of collecting its debts. (FAC, ECF No. 7 ¶ 24.)

---

[2] Plaintiff only alleges that CMI is a debt collector as that term is defined by the Rosenthal Act, not the FDCPA. Further, Plaintiff does not bring any claims under the FDCPA against CMI.

[3] Although Plaintiff cites to *McGrew v. Countrywide Home Loans, Inc.*, 628 F. Supp. 2d 1237 (S.D. Cal. 2009) for the proposition that the Rosenthal Act applies to creditors, this opinion was later withdrawn from the bound volume at the request of the Court. (*Id.*) Further, *McGrew* has not been cited for the position advocated by Plaintiff.

CMI does not directly address the issue, but only states that "CMI does not admit that it hired NCCI." (Rep., ECF No. 15 at 4.)

The Rosenthal Act only applies to the actions of debt collectors, not creditors. *See* Cal. Civ. Code § 1788.1(b). However, agency principles can impose "debt collector" liability on such a creditor. *See Oei v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1094-96 (C.D. Cal. 2006). To establish the existence of an agency relationship under California law, the plaintiff must establish that "the person for whom the work is performed has the right to control the activities of the alleged agent." *See Fenton v. Freedman*, 748 F.2d 1358, 1361-62 (9th Cir. 1984); *Garcia v. W & W Community Development, Inc.*, 186 Cal. App. 4th 1038, 1049 (2010).

The Court finds that Plaintiff has adequately alleged the existence of an agency relationship between CMI and NCCI. Although CMI does not address the issue, it appears to agree that CMI could have "required" NCCI to provide the disputed notices. (MTD, ECF No. 8-1 at 6.) Further, NCCI has admitted in its answer that CMI "engaged the service of NCCI to make field contact with plaintiff for the purpose of encouraging plaintiff to communicate directly with CMI." (ECF No. 20 at 4.) Accordingly, the Court finds that Plaintiff has adequately alleged an agency relationship on which to establish vicarious liability for CMI.

### *C. 1692e, 1692e(5) and 1692e(10) Claims*

Plaintiff alleges that CMI is vicariously liable for NCCI's violations of the Rosenthal Act. Specifically, Plaintiff alleges that NCCI violated sections 1692e, 1692e(5) and 1692e(10) of the FDCPA as incorporated by the Rosenthal Act by: (1) stating in a notice that it was "required to provide" the notices contained in its dunning letter (ECF No. 7 ¶¶ 37, 46); (2) instructing Plaintiff to contact CMI to dispute the debt rather than NCCI, (ECF No. 7 ¶¶ 50, 53); (3) stating in a notice that "[a]ny other third party contact is only for the purposes of confirming your location and/or obtaining additional contact information," (ECF No. 7 ¶¶ 62-64); (4) threatening to take action that cannot legally be taken or that it did not intend to take, (ECF No. 7 ¶ 65); and (5) replying to Plaintiff's validation request with a letter stating that NCCI is not a debt collector, (ECF No. 7 ¶¶ 67-69).

///

*i. Materiality*

In its motion to dismiss, CMI argues that NCCI's allegedly false or misleading statements are not actionable because they are not material. (ECF No. 8-1 at 6.) However, "[m]ateriality is a fact-specific issue that should ordinarily be left to the trier of fact." *Tourgeman v. Collins Fin. Servs.*, 2011 U.S. Dist. LEXIS 81070 at *17 (S.D. Cal. July 26, 2011) (citing *In re Apple Computer Secs. Litig.*, 886 F.2d 1109, 1113 (9th Cir. 1989). CMI fails to otherwise cite to any case law in support of this argument. Accordingly, the Court declines to grant CMI's motion on this basis.

*ii. "Obtaining Additional Contact Information"*

Plaintiff alleges that NCCI's statement that it could obtain "additional contact information" in addition to "location information" is distinct and separate from the permissible location information enumerated in the FDCPA. (ECF No. 14 at 25.) In its motion to dismiss, CMI argues that the language "obtaining additional contact information" is not false or misleading and does not threaten action that a debt collector is not permitted to take. (ECF No. 8-1 at 6-7.) Specifically, CMI argues that "additional contact information" refers only to statutorily permitted information, such as the consumer's home address, telephone number, and place of employment. (*Id.*)

15 U.S.C. § 1692c prohibits unconsented and unauthorized communication by a debt collector with third parties. An exception to this rule allows third party communications to obtain "location information," which is statutorily defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. §§ 1692a(7), 1692b.

The Court finds that Plaintiff has failed to show that the language in NCCI's statement regarding "additional contact information" is in violation of the statute. Plaintiff's allegations that the statement is false, deceptive, or misleading, or that the statement threatened to take action that cannot legally be taken or is not intended to be taken, are merely conclusory, and Plaintiff fails to establish that the language exceeds the scope of the FDCPA. Accordingly the Court **GRANTS IN PART** CMI's motion on this basis.

///

///

*C. Remaining Claims*

CMI fails to address Plaintiff's claims against CMI for violations of the Rosenthal Act under Cal. Civ Code § 1812.702. Accordingly, these claims survive CMI's motion to dismiss.

### CONCLUSION

For the foregoing reasons, the Court: (1) **GRANTS IN PART** CMI's motion to dismiss Plaintiff's claims against CMI for violations of sections 1692e(11) and 1692g; (2) **GRANTS IN PART** CMI's motion to dismiss Plaintiff's claims against CMI for violations of sections 1692e, 1692e(5) and 1692e(10) based on NCCI's "additional contact information" statement; and (3) **DENIES IN PART** CMI's motion to dismiss on all other bases.

**IT IS SO ORDERED**.

DATED: February 20, 2013

Honorable Janis L. Sammartino
United States District Judge